UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 APR 27 PM 12: 26
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL A. GROVES,<br><br>Defendant. | CASE NO. 2:16-CR-041<br>JUDGE WATSON<br><br>**SUPERSEDING INDICTMENT**<br>18 U.S.C. § 371<br>26 U.S.C. § 5861(d)<br>**FORFEITURE** |

**THE GRAND JURY CHARGES**:

### COUNT 1
### (18 U.S.C. § 371: Conspiracy to Defraud the United States)

At all times relevant to this Superseding Indictment:

1. The defendant, **PAUL A. GROVES**, operated High Powered Armory, a federal firearms licensee ("FFL") located at 2500 Market Street, Youngstown, Ohio 44507.

2. E.G. operated Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio 43228. Great Machine, LLC was not a federal firearms licensee.

3. On or about January 15, 2015, the defendant, **PAUL A. GROVES**, submitted an application to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to license E.G.'s business, Great Machine, LLC, as a secondary FFL location for defendant **PAUL A. GROVES**'s FFL, High Powered Armory. The application was submitted by defendant **PAUL A. GROVES** and listed E.G. as a "responsible party."

### The Conspiracy and Its Objects

4. From in or about March 2014, and continuing thereafter until in or about April 2015, in the Southern District of Ohio and elsewhere, the defendant, **PAUL A. GROVES**, knowingly and

willfully conspired and agreed together with other persons, both known and unknown to the Grand Jury, to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is:

    4.1.   Providing false information in the purchase of firearms;

    4.2.   The fraudulent sale and acquisition of military-grade semi-automatic firearms; and

    4.3.   The subsequent re-sale of the above-mentioned military-grade semi-automatic firearms to illegal purchasers not named on the relevant ATM Forms 4473.

## Manner and Means of the Conspiracy

5.    It was part of the conspiracy that certain individuals in Indiana ("the Indiana group") agreed together with other persons, both known and unknown to the Grand Jury, to fraudulently acquire firearms from FFLs for the purpose of transferring those firearms to illegal purchasers from Mexico. The fraudulent purchase of firearms was accomplished by "straw purchasing," whereby a putative buyer of a firearm from an FFL knowingly and falsely states on an ATF Form 4473 that they are the actual buyer of the firearm when, in fact, they are acquiring the firearm for another person.

6.    It was further a part of the conspiracy that the defendant, **PAUL A. GROVES**, by and through his FFL, High Powered Armory, regularly negotiated with known members of the Indiana group for the purchases of multiple military-grade semi-automatic firearms, specifically including, but not limited to, sixty-two (62) Barrett .50 caliber high-powered rifles.

7.    It was further a part of the conspiracy that members of the Indiana group re-sold the above-mentioned military-grade semi-automatic firearms to illegal purchasers from Mexico who paid extremely high, marked-up prices.

## Overt Acts

8. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Ohio and elsewhere:

8.1. On or about January 28, 2015, two known members of the Indiana group delivered $48,400 in cash to E.G. at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio 43228, as payment for the anticipated purchase of five Barrett .50 caliber high-powered rifles and one M2HB .50 caliber high-powered rifle. The defendant, **PAUL A. GROVES**, had instructed E.G. to accept the cash payment on his behalf.

8.2. On or about February 11, 2015, two known members of the Indiana group met the defendant, **PAUL A. GROVES**, at High Powered Armory located at 2500 Market Street, Youngstown, Ohio 44507, and picked up the five Barrett .50 caliber high-powered rifles and one M2HB .50 caliber high-powered rifle that had previously been paid for on or about January 28, 2015. The two known members of the Indiana group then drove to Mcallen, Texas and re-sold them to illegal purchasers from Mexico.

8.3. On or about February 23, 2015, a known member of the Indiana group delivered $40,050 in cash to E.G. at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio 43228, as payment for the anticipated purchase of three Barrett .50 caliber high-powered rifles and two M2HB .50 caliber high-powered rifles. The defendant, **PAUL A. GROVES**, had instructed E.G. to accept the cash payment on his behalf.

8.4. On or about March 2, 2015, a known member of the Indiana group met the defendant, **PAUL A. GROVES**, at High Powered Armory located at 2500 Market Street, Youngstown, Ohio 44507, and picked up the three Barrett .50 caliber high-powered rifles and two M-2HB .50 caliber high-powered rifles that had previously been paid for on or about February 23, 2015. The known member of the Indiana group then drove to Mcallen, Texas and re-sold them to illegal purchasers from Mexico.

8.5. On or about March 27, 2015, a known member of the Indiana group delivered $40,040 in cash to the defendant, **PAUL A. GROVES**, at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio 43228, as payment for the anticipated purchase of five Barrett .50 caliber high-powered rifles.

8.6. During the meeting on or about March 27, 2015, the defendant, **PAUL A. GROVES**, gave the known member of the Indiana group a tour of Great Machine, LLC, and discussed the manufacturing of firearms that was taking place at that location. Great Machine, LLC, was not a federal firearms licensee.

8.7. On or about April 9, 2015, a known member of the Indiana group met the defendant, **PAUL A. GROVES**, at Great Machine, LLC, 5050 Atlas Street/Nike Drive, Hilliard Ohio 43228, and picked up ammunition. The known member of the Indiana group then went to Gun Envy, a FFL located at 4110 Indianola Avenue, Columbus, Ohio 43214, to pick up the five Barrett .50 caliber high-powered rifles that had been previously paid for

on or about March 27, 2015. The defendant, **PAUL A. GROVES**, had dropped off the five Barret .50 caliber high-powered rifles at Gun Envy earlier that day.

8.8. On or about April 22, 2015, a known member of the Indiana group delivered $16,000 in cash to E.G. at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio 43228, as payment for the anticipated purchase of two Barrett .50 caliber high-powered rifles. The defendant, **PAUL A. GROVES**, had instructed E.G. to accept the cash payment on his behalf.

8.9. On or about April 30, 2015, a known member of the Indiana group and an undercover ATF agent met the defendant, **PAUL A. GROVES**, at High Powered Armory located at 2500 Market Street, Youngstown, Ohio 44507, and picked up the two Barrett .50 caliber high-powered rifles that had previously been paid for on or about April 22, 2015. The known member of the Indiana group and the undercover ATF agent also purchased a third firearm, a M249 .223 caliber high-powered rifle, with cash on this date.

**All in violation of Title 18, United States Code, Sections 371, 922(a)(6), and 924(a).**

## COUNT 2
### (26 U.S.C. § 5861(d): Receipt or Possession of Unregistered Firearm)

On or about April 10, 2015, in the Southern District of Ohio, the defendant, **PAUL A. GROVES**, knowingly received and possessed a firearm; specifically, a MK19 MOD-1, 40mm caliber machinegun with a barrel length of approximately 14-7/8 inches, serial number MK19001, not registered to him in the National Firearms Registration and Transfer Record.

**All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.**

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 and 2 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c).

Upon conviction of the offense set forth in Counts 1 and 2 of this Superseding Indictment, defendant **PAUL A. GROVES** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), any and all firearms/property used or intended to be used

in any manner or part to commit and to facilitate the commission of the offenses, including but not limited to the firearms seized on April 10, 2015.

If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2461(c).

**All pursuant to 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c).**

A TRUE BILL.

S/Foreperson
_____
**FOREPERSON**

**BENJAMIN C. GLASSMAN**
**UNITED STATES ATTORNEY**

*[signature]*
_____
**GARY L. SPARTIS**
**Deputy Criminal Chief**
**Assistant United States Attorney**