# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO. 2:16-cr-041 |
| vs. | JUDGE MICHAEL H. WATSON |
| PAUL A. GROVES, | |
| Defendant. | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, respectfully submits these proposed jury instructions to be included in the Court's charge to the jury in this case. Trial is currently scheduled to begin on January 13, 2020.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY


s/Noah R. Litton_____
NOAH R. LITTON (0090479)
KEVIN W. KELLEY (0042406)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-2200
Noah.Litton@usdoj.gov
Kevin.Kelley@usdoj.gov

# NO. 1:  INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

If necessary, I will explain the defendant's position.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

[Sixth Circuit Pattern Jury Instruction § 1.01 (2019)]

## NO. 2: JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

[Sixth Circuit Pattern Jury Instruction § 1.02 (2019)]

## NO. 3:  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded "Not Guilty" to the crimes charged in the Superseding Indictment.  The Superseding Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

[Sixth Circuit Pattern Jury Instruction § 1.03 (2019)]

## NO. 4:  EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see; and sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

[Sixth Circuit Pattern Jury Instruction § 1.04 (2019)]

## NO. 5:  CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

[Sixth Circuit Pattern Jury Instruction § 1.05 (2019)]

## NO. 6:  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

[Sixth Circuit Pattern Jury Instruction § 1.06 (2019)]

# NO. 7: CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may;

other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

[Sixth Circuit Pattern Jury Instruction § 1.07 (2019)]

## NO. 8:  CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICERS

You have heard the testimony of several law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of a law enforcement witness and how much weight, if any, it deserves.

[*See* Third Circuit Pattern Criminal Jury Instruction § 4.18 (2015)]

# NO. 9:  NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

[Sixth Circuit Pattern Jury Instruction § 1.08 (2019)]

## NO. 10:  LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

[Sixth Circuit Pattern Jury Instruction § 1.09 (2019)]

## NO. 11:  DEFINING THE CRIMES AND RELATED MATTERS—INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Superseding Indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

[Sixth Circuit Pattern Jury Instruction § 2.01 (2019)]

## <u>NO. 12:  INDICTMENT</u>

An indictment—and in this case, I have referred to it as the "Superseding Indictment"—is the formal method of accusing a defendant of offenses and placing the defendant on trial.  It is not evidence against a defendant and does not create any inference of guilt.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of a defendant.  In reaching your determination of whether the government has proved a defendant beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

[Court's Standard Instruction]

## NO. 13:  SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

[Sixth Circuit Pattern Jury Instruction § 2.01A (2019)]

## NO. 14:  "ON OR ABOUT"

Next, I want to say a word about the dates mentioned in the Superseding Indictment.

The Superseding Indictment charges that the crimes happened "on or about" various dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

[Sixth Circuit Pattern Jury Instruction § 2.04 (2019)]

## NO. 15:  INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

[Sixth Circuit Pattern Jury Instruction § 2.08 (2019)]

# NO. 16:  DELIBERATE IGNORANCE

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the defendant deliberately ignored a high probability that _____, then you may find that he knew _____.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that _____, and that the defendant deliberately closed his eyes to what was obvious.  Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.  This, of course, is all for you to decide.

[Sixth Circuit Pattern Jury Instruction § 2.09 (2019)]

## NO. 17:  OVERVIEW OF THE CRIMES CHARGED

I will now give you an overview of the crimes that the defendant, Paul A. Groves, is accused of committing.

The Superseding Indictment charges the defendant in Count 1 of conspiracy to defraud the United States of and concerning its governmental functions and rights by: (1) providing false information in the purchase of firearms; (2) the fraudulent sale and acquisition of military-grade semi-automatic firearms; and (3) the subsequent re-sale of the above-mentioned military-grade semi-automatic firearms to illegal purchasers not named on the relevant ATF Forms 4473, all in violation of Title 18, United States Code, Section 371.

Count 2 charges the defendant with receipt or possession of an unregistered firearm—specifically, a MK19 MOD-1, 40mm caliber machinegun, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

You will consider each Count separately, as each one involves either a different period of time or different charges.  The fact that you find the defendant guilty or not guilty on one charge should not influence your consideration and verdict on any other Count.

[Court's Standard Instruction]

## NO. 18:  COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### The Superseding Indictment

Count 1 of the Superseding Indictment charges that from in or about March 2014, and continuing thereafter until in or about April 2015, in the Southern District of Ohio and elsewhere, the defendant, Paul A. Groves, knowingly and willfully conspired and agreed with other persons, both known and unknown to the grand jury, to defraud the United States of and concerning its governmental functions and rights by:

- Providing false information in the purchase of firearms;

- The fraudulent sale and acquisition of military-grade semi-automatic firearms; and

- The subsequent re-sale of the above-mentioned military-grade semi-automatic firearms to illegal purchasers not named on the relevant ATF Forms 4473.

Count 1 charges that it was further a part of the conspiracy that certain individuals in Indiana ("the Indiana group") agreed together with other persons, both known and unknown to the grand jury, to fraudulently acquire firearms from Federal Firearms Licensees ("FFLs") for the purpose of transferring those firearms to illegal purchasers from Mexico.  The fraudulent purchase of firearms was accomplished by "straw purchasing," whereby a putative buyer of a firearm from an FFL knowingly and falsely states on an ATF Form 4473 that they are the actual buyer of the firearm when, in fact, they are acquiring the firearm for another person.

Count 1 charges that it was further a part of the conspiracy that the defendant, Paul A. Groves, by and through his FFL, High Powered Armory, regularly negotiated with known members of the Indiana group for the purchases of multiple military-grade semi-automatic firearms, including, but not limited to, sixty-two (62) Barrett .50 caliber high-powered rifles.

Finally, Count 1 charges that it was a further part of the conspiracy that members of the Indiana group re-sold the above-mentioned military grade semi-automatic firearms to illegal purchasers from Mexico who paid extremely high, marked-up prices.

Count 1 of the Superseding Indictment then lists nine overt acts that members of the conspiracy committed in furtherance of that conspiracy, and to effect its objects. I will explain those overt acts later in these instructions.

[Court's Standard Instruction]

## NO. 18A:  COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### Elements of the Offense

Count 1 of the Superseding Indictment charges the defendant with conspiracy to defraud the United States by dishonest means in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to defraud the United States, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First:          that two or more persons conspired, or agreed, to defraud the United States, or one of its agencies or departments, by dishonest means.  The word "defraud" is not limited to its ordinary meaning of cheating the government out of money or property.  "Defraud" also means impairing, obstructing, or defeating the lawful function of any government agency or department by dishonest means;

Second:     the government must prove that the defendant knowingly and voluntarily joined the conspiracy; and

Third:        the government must prove that a member of the conspiracy did one of the overt acts described in the Superseding Indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge from Count 1.

This crime does not require proof that the defendant intended to directly commit the fraud himself.  Proof that he intended to use a third party as a go-between may be sufficient.  But the government must prove that the United States or one of its agencies or departments was the ultimate target of the conspiracy, and that the defendant intended to defraud.

Now I will give you some detailed instructions on some of these terms.

[Sixth Circuit Pattern Jury Instruction § 3.01B (2019)]

## NO. 18B: COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### First Element – A Criminal Agreement

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to defraud the United States.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to defraud the United States. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement. The Superseding Indictment accuses the defendant of conspiring to defraud the United States of and concerning its governmental functions by three means. The government does not have to prove that the defendant agreed to defraud the United States by each of these means. But the government must prove an agreement to defraud the United States by at least one of these means for you to return a guilty verdict on the conspiracy charge.

[Sixth Circuit Pattern Jury Instruction § 3.02 (2019)]

## NO. 18C:  COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### Second Element – The Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined the agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy.  But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

[Sixth Circuit Pattern Jury Instruction § 3.03 (2019)]

# NO. 18D:  COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

## Third Element – Overt Acts

The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the Superseding Indictment for the purpose of advancing or helping the conspiracy.

The Superseding Indictment alleges nine overt acts, which I will list for you below. The government does not have to prove that all of these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  That is essential.

Count 1 of the Superseding Indictment alleges the following nine overt acts for you to consider in your deliberations:

(1) On or about January 28, 2015, two known members of the Indiana group delivered $48,000 in cash to E.G. at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio, as payment for the anticipated purchase of five Barrett .50 caliber high-powered rifles and one M2HB .50 caliber high-powered rifle.  The defendant, Paul A. Groves, had instructed E.G. to accept the cash payment on his behalf.

(2) On or about February 11, 2015, two known members of the Indiana group met the defendant, Paul A. Groves, at High Powered Armory, located at 2500 Market Street, Youngstown, Ohio, and picked up the five Barrett .50 caliber high-powered rifles and one M2HB .50 caliber high-powered rifle that had previously been paid for on or about January 28, 2015.  The two known members of the Indiana group then drove to McAllen, Texas, and re-sold them to illegal purchasers from Mexico.

(3) On or about February 23, 2015, a known member of the Indiana group delivered $40,050 in cash to E.G. at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio, as payment for the anticipated purchase of three Barrett .50 caliber high-powered rifles and two M2HB .50 caliber high-powered rifles.  The defendant, Paul A. Groves, had instructed E.G. to accept the cash payment on his behalf.

(4) On or about March 2, 2015, a known member of the Indiana group met the defendant, Paul A. Groves, at High Powered Armory, located at 2500 Market Street, Youngstown, Ohio, and picked up the three Barrett .50 caliber high-powered rifles and two M2HB .50 caliber high-powered rifles that had previously been paid for on or about February 23, 2015. The known member of the Indiana group then drove to McAllen, Texas, and re-sold them to illegal purchasers from Mexico.

(5) On or about March 27, 2015, a known member of the Indiana group delivered $40,040 in cash to the defendant, Paul A. Groves, at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio, as payment for the anticipated purchase of five Barrett .50 caliber high-powered rifles.

(6) During the meeting on or about March 27, 2015, the defendant, Paul A. Groves, gave the known member of the Indiana group a tour of Great Machine, LLC, and discussed the manufacturing of firearms that was taking place at that location. Great Machine, LLC, was not a federal firearms licensee.

(7) On or about April 9, 2015, a known member of the Indiana group met the defendant, Paul A. Groves, at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio, and picked up ammunition. The known member of the Indiana group then went to Gun Envy, a federal firearms licensee located at 4110 Indianola Avenue, Columbus, Ohio, to pick up the five Barrett .50 caliber high-powered rifles that had previously been paid for on or about March 27, 2015. The defendant, Paul A. Groves, had dropped off the five Barrett .50 caliber high-powered rifles at Gun Envy earlier that day.

(8) On or about April 22, 2015, a known member of the Indiana group delivered $16,000 in cash to E.G. at Great Machine, LLC, located at 5050 Atlas Street/Nike Drive, Hilliard, Ohio, as payment for the anticipated purchase of two Barrett .50 caliber high-powered rifles. The defendant, Paul A. Groves, had instructed E.G. to accept the cash payment on his behalf.

(9) On or about April 30, 2015, a known member of the Indiana group and an undercover ATF agent met the defendant, Paul A. Groves, at High Powered Armory, located at 2500 Market Street, Youngstown, Ohio, and picked up the two Barrett .50 caliber high-powered rifles that had previously been paid for on or about April 22, 2015. The known member of the Indiana group and the undercover ATF agent also purchased a third firearm, a M249 .223 caliber high-powered rifle, with cash on this date.

[Sixth Circuit Pattern Jury Instruction § 3.04 (2019)]

## NO. 18E: COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### Unindicted, Unnamed, or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

[Sixth Circuit Pattern Jury Instruction § 3.06 (2019)]

## NO. 18F:  COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### Venue

Some of the events that you have heard about happened in other places.  There is no requirement that the entire conspiracy take place here in the Southern District of Ohio.  But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the overt acts in furtherance of the conspiracy took place here in the Southern District of Ohio.

Unlike all the other elements that I have described, this is a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instruction § 3.07 (2019)]

## NO. 18G:  COUNT 1—CONSPIRACY TO DEFRAUD THE UNITED STATES

### Impossibility of Success

One last point about conspiracy.  It is no defense to a conspiracy charge that success was impossible because of circumstances that the defendant did not know about.  This means that you may find the defendant guilty of conspiracy even if it was impossible for him to successfully defraud the United States of and concerning its governmental functions.

[Sixth Circuit Pattern Jury Instruction § 3.13 (2019)]

## NO. 19:  COUNT 2—RECEIPT OR POSSESSION OF UNREGISTERED FIREARM

### The Superseding Indictment

Count 2 of the Superseding Indictment charges that on or about April 10, 2015, in the Southern District of Ohio, the defendant, Paul A. Groves, knowingly received and possessed a firearm; specifically, a MK19 MOD-1, 40mm caliber machinegun with a barrel length of approximately 14-7/8 inches, with serial number MK19001, not registered to him in the National Firearms Registration and Transfer Record, all in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

[Court's Standard Instruction]

# NO. 19A:  COUNT 2— RECEIPT OR POSSESSION OF UNREGISTERED FIREARM

## Elements of the Offense

Count 2 of the Superseding Indictment charges the defendant with the receipt or possession of an unregistered firearm.  For you to find the defendant guilty of this charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First:      that the defendant knowingly received or possessed a "firearm" within the meaning of the National Firearms Act;

Second:   that the defendant knew of the characteristics of the firearm that brought it within the scope of the National Firearms Act—i.e., that it was a "machinegun" or a "destructive device"; and

Third:     that the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the unregistered firearm charge from Count 2.

Now I will give you some detailed instructions on some of these terms.

[26 U.S.C. §§ 5841, 5861(d), 5871; *United States v. Springer*, 609 F.3d 885, 888 (6th Cir. 2010); *Greenlee v. United States*, 205 F.3d 1340, 2000 WL 190052, at *3 (6th Cir. Feb. 7, 2000) (table)]

## NO. 19B:  COUNT 2— RECEIPT OR POSSESSION OF UNREGISTERED FIREARM

### First Element – Knowing Receipt or Possession of a Firearm

The first element that the government must prove is that the defendant knowingly received or possessed a "firearm" within the meaning of the National Firearms Act.

*Knowingly*:  The term "knowingly" means voluntarily and intentionally, and not because of accident or mistake.

*Receipt*:  The term "receipt" includes any knowing acceptance or possession of a firearm.

*Possession (Actual and Constructive Possession)*:  As for "possession," the government does not necessarily have to prove that the defendant physically possessed the firearm at issue for you to find him guilty.  The law recognizes two kinds of possession—actual and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of Count 2.  This, of course, is all for you to decide.

*Possession (Joint Possession)*:  One more thing about possession.  The government does not have to prove that the defendant was the only one who had possession of the firearm at issue.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict.  The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of Count 2.  This, again, is all for you to decide.

*Possession (Ownership Not Required)*:  The defendant does not have to own the firearm in order to possess the firearm.

*Firearm*:  Under the National Firearms Act, the term "firearm" includes what is commonly known as a "machinegun,"  which is defined as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically, more than one shot, without manual reloading, by a single function of the trigger.  The term "firearm" also includes any "destructive device," which is defined as any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive, the barrel of which has a bore of more than one-half inch in diameter.

I instruct you that "machineguns" and "destructive devices," as I have just defined them, qualify as "firearms" under the National Firearms Act.  But it is for you to decide whether the defendant knowingly received or possessed a weapon that fits one or both of those definitions.

[*Springer*, 609 F.3d at 888 (establishing this element); Sixth Circuit Pattern Jury Instruction §§ 12.01 & Commentary, 2.10, 2.11 (2019) (providing baseline language for this element, including "possession"); *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("receipt"); 26 U.S.C. § 5845(a)-(f) ( "firearm"); *United States v. Yannott*, 42 F.3d 999, 1006 (6th Cir. 1994) (operability not an element)]

## NO. 19C:  COUNT 2— RECEIPT OR POSSESSION OF UNREGISTERED FIREARM

### Second Element – Knowledge of the Firearm's Characteristics

If you are convinced that the defendant knowingly received or possessed a firearm within the meaning of the National Firearms Act, then you must next consider whether the defendant also *knew* of the characteristics of the firearm that brought it within the scope of that legislation. Put differently, to find the defendant guilty of Count 2, the government must prove beyond a reasonable doubt that the defendant knew the firearm he received or possessed had the characteristics that brought it within the statutory definition of a "machinegun" or a "destructive device."

I instruct you again that a "machinegun" is any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically, more than one shot, without manual reloading, by a single function of the trigger.

And again, I instruct you that a "destructive device" is any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive, the barrel of which has a bore of more than one-half inch in diameter.

It is for you to decide whether the defendant knew of the characteristics of the firearm that brought it within the scope of the National Firearms Act.  It is not, however, necessary for the government to prove that the defendant knew that his receipt or possession of the firearm was unlawful under that Act.

[*Staples v. United States*, 511 U.S. 600, 602 (1994); *Rogers v. United States*, 522 U.S. 252, 254-55 (1998); *United States v. Williams*, 872 F.2d 773, 777 (6th Cir. 1989); 26 U.S.C. § 5845(a) ("firearm"), (d) ("machinegun"), (f) ("destructive device")]

### NO. 19D:  COUNT 2— RECEIPT OR POSSESSION OF UNREGISTERED FIREARM

### Third Element – Unregistered Firearm

The third element that the government must prove is that, at the time the defendant received or possessed the firearm, it was not registered to him in the National Firearms Registration and Transfer Record.  Although the government must prove beyond a reasonable doubt that the firearm was not registered to the defendant, the government does not have to prove that the defendant also *knew* that the firearm was unregistered to him.

[*Rogers*, 522 U.S. at 254-55; *Williams*, 872 F.2d at 777]

## NO. 20:  SPECIAL EVIDENTIARY MATTERS—INTRODUCTION

That concludes the part of my instructions the elements of the crimes.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

[Sixth Circuit Pattern Jury Instruction § 7.01 (2019)]

## NO. 21:  DEFENDANTS' ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence.  The fact that he did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

[ALTERNATE INSTRUCTION POSSIBLE DEPENDING ON DEFENDANT'S ELECTION TO TESTIFY]

[Sixth Circuit Pattern Jury Instruction § 7.02A (2019)]

## NO. 21:  DEFENDANTS' TESTIMONY

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

[ALTERNATE INSTRUCTION POSSIBLE DEPENDING ON DEFENDANT'S ELECTION TO TESTIFY]

[Sixth Circuit Pattern Jury Instruction § 7.02B (2019)]

## NO. 22: WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of a few individuals who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept a witness's opinion. In deciding how much to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

[Sixth Circuit Pattern Jury Instruction § 7.03A (2019)]

## NO. 23:  IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION

You have heard the testimony of Eric Grimes, in addition to the testimony of a few individuals from the Indiana group.  You have also heard that before this trial, those witnesses were convicted of a crime.

These earlier convictions were brought to your attention only as one way of helping you decide how believable each witness's testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

[Sixth Circuit Pattern Jury Instruction § 7.05B (2019)]

## NO. 24:  TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

You have heard the testimony of _____.  You have also heard that the government has promised him that [he will not be prosecuted for _____] [he will _____] in exchange for his cooperation.

It is permissible for the government to make such a promise.  But you should consider _____'s testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness standing alone, unless you believe his testimony beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instruction § 7.07 (2019)]

## NO. 25:  TESTIMONY OF AN ACCOMPLICE

You have heard the testimony of witnesses who were involved in the same crime or crimes that the defendant is charged with committing.  You should consider their testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instruction 7.08 (2019)]

## NO. 26:  SUMMARIES AND OTHER MATERIALS NOTADMITTED IN EVIDENCE

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

[Sixth Circuit Pattern Jury Instruction § 7.12 (2019)]

## NO. 27:  SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE

During the trial you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material.  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

[Sixth Circuit Pattern Jury Instruction § 7.12A (2019)]

## NO. 28:  JUDICIAL NOTICE

I have decided to accept as proved the fact that Columbus, Ohio, falls within the jurisdictional boundaries of the Southern District of Ohio even though no evidence was presented on this point.  You may accept this fact as true, but you are not required to do so.

[Sixth Circuit Pattern Jury Instruction § 7.19 (2019)]

## NO. 29:  STIPULATIONS

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

[PLACEHOLDER FOR FUTURE STIPULATIONS]

[Sixth Circuit Pattern Jury Instruction § 7.21 (2019)]

# NO. 30:  DELIBERATIONS AND VERDICTS—INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  The foreperson acts as the chairperson of the meeting and is your spokesperson here in court.  He or she must see to it that the charge and the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

Once you start deliberating, do not talk to the courtroom deputy, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, have the foreperson sign and date the paper, and then give the paper to the court security officer, who will five them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits will be sent to the jury room with you so you can review them during your deliberations.

After you have arrive at a verdict, which must be unanimous, the foreperson and all jurors will sign the verdict forms on the lines as indicated.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone outside the jury room that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

[Sixth Circuit Pattern Jury Instruction § 8.01 (2019) (modified)]

## NO. 31:  EXPERIMENTS, RESEARCH, INVESTIGATION, AND COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violations of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide the case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of the proceedings, and a mistrial could result, which would require the entire trial process to start over.

[Sixth Circuit Pattern Jury Instruction § 8.02 (2019)]

## NO. 32:  UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

[Sixth Circuit Pattern Jury Instruction § 8.03 (2019)]

## NO. 33:  DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what other jurors have to say, and then decide for yourself if the government has proven the defendants guilty beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instruction § 8.04 (2019)]

## NO. 34:  PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instruction § 8.05 (2019)]

## NO. 35:  VERDICT FORMS

I have prepared separate verdict forms for both counts of the Superseding Indictment that you should use to record your verdicts.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form and put the date on it.  All other jurors should sign the form.  Your foreperson should then return it to me.

[Sixth Circuit Pattern Jury Instruction § 8.06 (2019)]

## NO. 36:  VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT

Remember that the defendant is only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way, except in the limited manners in which I have previously instructed you.

[Sixth Circuit Pattern Jury Instruction § 8.08 (2019) (modified)]

## NO. 37:  COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instruction § 8.09 (2019)]

## NO. 38:  JUROR NOTES

Remember that if you elected to take notes during trial, your notes should only be used as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

[Sixth Circuit Pattern Jury Instruction § 8.10 (2019)]

## NO. 39:  WRITTEN INSTRUCTIONS

The written form of the instructions on the law I have just given you will be available to you in the jury room.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

These written instructions represent the law that is applicable to the facts, as you find them to be.

There is a Table of Contents preceding these instructions.  You may readily locate any particular instruction by referring to this list.

[Court's Standard Instruction]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

  **vs.**

**PAUL A. GROVES,**

   **Defendant.**

**CASE NO. 2:16-cr-041**

**JUDGE MICHAEL H. WATSON**

## VERDICT FORM 1
### COUNT 1

We the jury, in the above-entitled case, unanimously find the defendant, Paul A. Groves,

_____ Not Guilty      _____ Guilty

of knowingly and willfully conspiring to defraud the United States of and concerning its governmental functions and rights, in violation of 18 U.S.C. § 371, as charged in Count 1 of the Superseding Indictment.

_____    _____

Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

SIGNED THIS _____ DAY OF JANUARY, 2020.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **vs.**

**PAUL A. GROVES,**

        **Defendant.**

**CASE NO. 2:16-cr-041**

**JUDGE MICHAEL H. WATSON**

## VERDICT FORM 2
### COUNT 2

We the jury, in the above-entitled case, unanimously find the defendant, Paul A. Groves,

_____ Not Guilty                _____ Guilty

of knowingly receiving or possessing a firearm, specifically, a MK19 MOD-1, 40mm caliber machinegun, with serial number MK19001, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, as charged in Count 2 of the Superseding Indictment

_____         _____

Foreperson

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

SIGNED THIS _____ DAY OF JANUARY, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Government's Proposed Jury Instructions is being delivered by electronic case filing (ECF) to defense counsel on this 22nd day of October 2019.

<div style="margin-left: 45%;">

s/Noah R. Litton_____

NOAH R. LITTON (0090479)

Assistant United States Attorney

303 Marconi Boulevard, Suite 200

Columbus, Ohio 43215

Phone: (614) 469-5715

Fax: (614) 469-2200

Email: Noah.Litton@usdoj.gov

</div>